IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-408-FL

| | | |
|---|---|---|
| RETIREMENT COMMITTEE, PLAN ADMINISTRATOR OF EXECUTIVE RETIREMENT PLAN OF THERMAL CERAMICS LATIN AMERICA; RETIREMENT COMMITTEE, PLAN ADMINISTRATOR OF MORGAN US EMPLOYEES' RETIREMENT PLAN; and THERMAL CERAMICS INC., individually and in its fiduciary capacity with respect to EXECUTIVE RETIREMENT PLAN OF THERMAL CERAMICS LATIN AMERICA, Plaintiffs, v. JANOS MAGASREVY, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter is before the court on defendant's motion for attorney's fees and costs (DE 45). Plaintiffs have responded in opposition, and the issues raised are ripe for ruling. For the following reasons, the court denies the motion.

**BACKGROUND**

Plaintiffs commenced this action on July 18, 2014, seeking declaratory judgment regarding issues in controversy between plaintiffs and defendant, who is a former executive of Thermal Ceramics de Venezuela ("TCV"), a Venezuelan entity affiliated with plaintiff Thermal Ceramics Inc. ("TCI"). Plaintiffs sought a judicial declaration regarding certain rights and obligations of the

parties, under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs' claims arose out of defendant's termination from TCV and his alleged entitlement to retirement benefits, under benefit plans administered by plaintiff Retirement Committee, Plan Administrator of Executive Retirement Plan of Thermal Ceramics Latin America ("Top Hat Plan Administrator"), and plaintiff Retirement Committee, Plan Administrator of Morgan US Employees' Retirement Plan ("MUSE Plan Administrator").

Plaintiffs sought through their complaint a judicial declaration on three issues:

1. Termination of defendant's employment was not for the purpose of interfering with defendant's attainment of any right to which he may become entitled under the provisions of the Top Hat Plan, the MUSE Plan or ERISA.

2. The Top Hat Plan is unfunded and maintained primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees, and thus it is except from certain ERISA requirements.

3. Plaintiff MUSE Plan Administrator correctly determined that defendant's benefit service for purposes of the MUSE Plan began in November 2005.

Defendant filed a motion to dismiss for lack of personal jurisdiction on September 2, 2014, asserting that he was a resident of Florida, and that plaintiffs could not take advantage of ERISA's nationwide service of process provision under the circumstances of this case. In support of his motion to dismiss, defendant filed a declaration by an attorney who asserted he was representing defendant with respect to claims under the Top Hat Plan and MUSE Plan. Monnoly asserted that counsel for defendant sent a letter to TCI, enclosing a draft of a complaint asserting claims under

2

these plans, which indicated that if a civil action was filed it would be venued in the Southern District of Florida.

Plaintiffs responded in opposition to the motion to dismiss on September 26, 2014. In support of their response, plaintiffs filed two declarations by Fred Wollman ("Wollman"), president of Morganite Industries, Inc., and chairman of the committee constituting the plaintiff Top Hat Plan Administrator and plaintiff MUSE Plan Administrator, enclosing plan documents. Wollman also described in more detail the claims for relief that defendant asserted in the draft Florida complaint regarding the Top Hat Plan, as follows:

> the first claim for relief in [the draft Florida complaint] alleges that TCI terminated his employment to prevent him from obtaining benefits, if any, under the Top Hat Plan in violation of Section 510 of [ERISA], but [defendant] was in fact terminated by TCV, not TCI. [The] second claim alleges that the Top Hat Plan does not qualify as an exempt unfunded plan under ERISA, but rather is subject to ERISA's funding, accrual and vesting provisions. In his third claim for relief, he seeks to compel TCI to establish a trust for the Top Hat Plan and to fund that trust to provide him with an early retirement benefit.

(DE 19, ¶20). Regarding the MUSE Plan, in the draft Florida complaint, defendant purportedly "contends that TCV and/or TCI have miscalculated the number of years of benefit service for which he should be credited under the MUSE Plan because certain service was not counted for TCV, a Venezuelan entity that did not participate in the MUSE Plan." (DE 20, ¶24).

The court referred the matter to magistrate judge, who heard oral argument and entered M&R on February 4, 2015, recommending dismissal on the basis that the claims asserted were legal in nature, and thus not falling within the subject matter jurisdiction of ERISA. On August 26, 2015, the court adopted the recommendation of the M&R, albeit on different grounds, and granted defendant's motion to dismiss.

3

In its August 26, 2015, order, the court determined that "plaintiffs' assertion of the nationwide service of process provision fails because plaintiffs have not brought an action to 'enforce any provisions' of Title I of ERISA." (Order, DE 43, at 9 (quoting 29 U.S.C. § 1132(a)(3)(B)(ii))). The court reasoned that "a fiduciary's declaratory judgment action to determine the extent of its liability is not an action that enforces ERISA." (Id.). The court also reasoned that "plaintiff's action does not constitute a suit to obtain 'appropriate equitable relief,'" (Id. at 11 (quoting 29 U.S.C. § 1132(a)(3))), where the "action ostensibly was filed to gain a procedural advantage over defendant." (Id. at 12). Accordingly, the court determined that it did not have subject matter jurisdiction over the action, and thus did not have personal jurisdiction over defendant by virtue of the nationwide service of process provision. (See id. at 8-9, 13).

Plaintiffs did not appeal the court's decision. Defendant filed the instant motion on September 9, 2015, seeking attorney's fees and costs. If granted, defendant proposes to allow his counsel a period of time to submit a fee petition specifying counsel's reasonable fees and costs, including, but not limited to, fully briefing the motion to dismiss, expenses related to defense counsel's travel to North Carolina to participate in oral argument, responding to objections to the M&R, and the instant motion for fees and costs. Plaintiffs filed a brief in opposition to the motion.

**COURT'S DISCUSSION**

ERISA provides for an award of attorney's fees and costs under the terms set forth in 29 U.S.C. § 1132(g), which provides in pertinent part: "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The instant request for attorney's fees is not justified for two independent reasons.

4

First, the court's determination that it lacked subject matter jurisdiction precludes an award of attorney's fees under § 1132(g). "[D]ismissal of [plaintiffs'] claims for lack of subject matter jurisdiction is inconsistent with an award of fees and costs under a statute which requires 'any action under this subchapter.'" Cliburn v. Police Jury Ass'n of Louisiana, Inc., 165 F.3d 315, 316 (5th Cir. 1999); see In re Knight, 207 F.3d 1115, 1117 (9th Cir. 2000) ("[The] contention that a court may not apply section 502(g)(1) when it lacks subject matter jurisdiction is supported by our case law as well as the unanimous conclusions of the other courts that have squarely addressed the issue."). Here, the court determined that plaintiffs' action did not arise under any provision of ERISA, and as a result the court lacked subject matter jurisdiction and personal jurisdiction over the instant matter. As such, plaintiffs' action was not an "action under this subchapter," for purposes of ERISA's attorney's fee provision. 29 U.S.C. § 1132(g)(1).

Second, "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). "A claimant does not satisfy that requirement by achieving . . . a purely procedural victory." Id. In the instant matter, the court did not determine the merits of plaintiffs claims in any respect. Nor did the court determine the merits of the underlying claims asserted by defendant. Rather, the court determined that it lacked any authority to adjudicate the claims asserted by plaintiffs, due to lack of subject matter jurisdiction, and thus lack of personal jurisdiction, over the claims. Accordingly, defendant's motion for attorney's fees must be dismissed for this additional reason.

Defendant suggests in his motion that his successful motion to dismiss for lack of personal jurisdiction qualifies as a "complete success on the merits" under Hardt. (DE 45-1 at 6). Hardt,

5

however, is instructively distinguishable from the instant matter. There, the defendant plan administrator "failed to comply with the ERISA guidelines" for review of a benefit claim, and the court on that basis remanded to the administrator for further consideration of the claim. 560 U.S. at 255-56. In this manner, the court directly addressed the merits of the claim asserted by the plaintiff in <u>Hardt</u>, and afforded some relief on the merits of the claim. <u>See id.</u> at 256. No issue with the court's subject matter jurisdiction or personal jurisdiction under ERISA was raised. <u>See id.</u> Accordingly, <u>Hardt</u> does not provide a basis for an award of attorney fees in the instant matter.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for attorney's fees and costs. (DE 45).

SO ORDERED, this the 10th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge